UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF HALLANDALE BEACH POLICE OFFICERS' AND FIREFIGHTERS' PERSONNEL RETIREMENT TRUST, on behalf of itself and all others similarly situated,<br><br>                                Plaintiff,<br><br>v.<br><br>ANAPTYSBIO, INC., HAMZA SURIA, MARCO LONDEI, and DOMINIC G. PISCITELLI,,<br><br>                                Defendant. | Case No.:  20cv565 GPC(DEB)<br><br>**ORDER GRANTING MOTION OF IRON WORKERS LOCAL 580 JOINT FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**<br><br>[Dkt. No. 24.] |

   Before the Court is Iron Workers Local 580 Joint Funds' unopposed motion for appointment as lead plaintiff and approval of selection of lead counsel.  Defendants responded that it takes no position on which movant should be appointed as lead plaintiff or which law firm should be appointed as lead counsel. (Dkt. No. 28.)  On June 19, 2020, Iron Workers Local 580 Joint Funds ("Iron Workers") filed a notice indicating that its motion was unopposed and should be granted.  (Dkt. No. 29.)  Based on the reasoning below, the Court GRANTS Iron Workers' motion for appointment as lead plaintiff and approval of its selection of lead counsel.

## Background

On March 25, 2020, Plaintiff City of Hallandale Beach Police Officers' and Firefighters' Personnel Retirement Trust, through its counsel, Bernstein Litowitz Berger & Grossmann LLP filed a securities class action complaint against Defendant AnaptysBio, Inc. ("AnaptysBio") and certain of its current and former senior executives (collectively "Defendants"). (Dkt. No. 1, Compl.)  The Complaint claims that between October 10, 2017 and November 7, 2019, inclusive (the "Class Period"), Defendants defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.  Specifically, the Complaint alleges that, during the Class Period, Defendants misrepresented the purported efficacy of its lead drug candidate, etokimab, a drug intended for the treatment of various inflammatory diseases.  AnaptysBio investors, including Iron Workers, incurred significant losses following reports that questioned the reliability of the Company's reported trial data for etokimab and after the Company ultimately announced that etokimab had failed to meet its primary endpoint in a trial evaluating the drug's efficacy in treating patients with moderate-to-severe atopic dermatitis.  (*Id.*)

## Discussion

### A.     Appointment of Lead Plaintiff

Under the Private Securities Litigation Reform Act ("PSLRA"), no later than 20 days after filing a class action securities complaint, a private plaintiff or plaintiffs must publish a notice advising members of the purported plaintiff class of the pendency of the action, the claims asserted, and that any member of the purported class may move the court to serve as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.  *Id.*  Here, the notice of the pendency of the action was filed on March 25, 2020.  (Dkt. No. 24-5, Uslaner Decl., Ex. C.)

Within 90 days after publication of the notice, the Court shall consider any motion made by a class member to serve as lead plaintiff. 15 U.S.C. § 78u- 4(a)(3)(B)(i).  The Court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The presumptively most adequate plaintiff is the one who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I). "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

Movant Iron Workers claims that it has the largest financial interest in the relief sought by the class as it lost about $200,000 on its purchases of 3,067 shares of AnaptysBio's stock during the Class Period.  (Dkt. No. 24-3, Uslaner Decl., Ex. A; Dkt. No. 24-4, Uslaner Decl., Ex. B.)  Because no other movant has asserted the largest financial interest in the litigation, the Court finds Iron Workers is the member with the largest financial interest in the relief sought by the class.[1]

The Court also concludes that the typicality and adequacy requirements are met. First, the typicality requirement is satisfied when "the presumptive lead plaintiff's claim arise[s] from the same event or course of conduct giving rise to the claims of other class members and [are] based on the same legal theory." *Foster v. Maxwell Techs., Inc.*, No. 13-CV-00580-BEN-RBB, 2013 WL 5780424, at *5 (S.D. Cal. Oct. 24, 2013) (citation

---

[1] On May 26, 2020, Gary Buchheim also filed a motion for appointment as lead plaintiff and approval of selection of counsel, (Dkt. No. 23); however, the motion was withdrawn on May 27, 2020 where he acknowledged that he does not possess the "largest financial interest in the relief sought by the class." (Dkt. No. 25.)

omitted) (internal quotation marks omitted).  The claims must be "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).  Similar to all other class members, Iron Workers alleges it purchased AnaptysBio common stock during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions and as a result, suffered damages.  (Dkt. No. 24-1 at 10.[2])  As a result, Iron Workers' claims arise from the same events and are based on the same legal theory as the claims of the other class members.

Second, representation is "adequate" when the interests of the plaintiffs and their counsel do not conflict with the interests of other class members, and the plaintiffs and their counsel will prosecute the action vigorously on behalf of the class. *Hanlon*, 150 F.3d at 1020.  It appears that Iron Workers' interests are aligned with those of the other class members, and it is willing and able to serve as Lead Plaintiff.  Moreover, it has a substantial financial stake in the litigation providing it with incentive to litigate vigorously to represent the Class's claims and there are no facts of any actual or potential conflict of interest between it and the other class members. Finally, Iron Workers' retained counsel, Bernstein Litowitz Berger & Grossmann LLP, as discussed below, is well experienced in the area of complex securities class litigation and is capable of representing the interests of the Class. Therefore, the Court finds that Iron Workers is the presumptive Lead Plaintiff under the PSLRA.

The presumption that Iron Workers is the most adequate Lead Plaintiff may be rebutted only upon proof by a member of the purported plaintiff class that it will not fairly and adequately protect the interests of the class or is subject to unique defenses that render them incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No movant has opposed the motion or come forward with such proof.  Accordingly, the Court hereby **APPOINTS** Iron Workers Local 580 Joint Funds as Lead Plaintiff.

---

[2] Pages are based on the CM/ECF pagination.

### B.     Approval of Selection of Lead Counsel

Under the PSLRA, once the court has designated a lead plaintiff, that plaintiff "shall subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).  If the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice. *Cohen v. U.S. Dist. Ct.*, 586 F.3d 703, 712 (9th Cir. 2009). Iron Workers asks the Court to approve their selection of Bernstein Litowitz Berger & Grossmann LLP as lead counsel.  On its firm resume, Bernstein Litowitz Berger & Grossmann LLP claims to be the nation's leading securities class action firm.  (Dkt. No. 24-6, Uslander Decl., Ex. D.)  It has served as lead counsel in numerous securities class action litigation and obtained billions of dollars in recovery. (Dkt. No. 24-1 at 11-12 (citing cases).)  In light of the firm's substantial experience in securities class action litigation, the Court **APPROVES** Iron Workers' choice of counsel and **APPOINTS** Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.     Iron Workers' Motion is **GRANTED**.

2.     Iron Workers is **APPOINTED** to serve as Lead Plaintiff under Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the above-captioned action and all related actions consolidated in accordance with paragraph 4 of this Order.

3.     Iron Workers' selection of Lead Counsel is **APPROVED**, and Bernstein Litowitz Berger & Grossmann LLP is **APPOINTED** as Lead Counsel for the Class.

4.     In accordance with Rule 42(a) of the Federal Rules of Civil Procedure, any subsequently filed, removed, or transferred actions that are related to the claims asserted in the above-captioned action are **CONSOLIDATED** for all purposes.

/ / /

/ / /

/ / /

/ / /

5. This action will be captioned "*In re AnaptysBio, Inc. Securities Litigation*," and the file shall be maintained under Master File No. 3:20-cv-00565-GPC-MDD.

The hearing date set on July 24, 2020 shall be **vacated**.

IT IS SO ORDERED.

Dated: July 15, 2020

Hon. Gonzalo P. Curiel
United States District Judge