KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

NOAH S. GUINEY (SBN 324079)
noah.guiney@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Defendants
AnaptysBio, Inc., Hamza Suria,
Marco Londei and Dominic G. Piscitelli

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ANAPTYSBIO, INC. SECURITIES LITIGATION | Case No. 3:20-cv-00565-TWR-DEB<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date:   May 12, 2021<br>Time:   1:30 p.m.<br>Place:   Courtroom 3A, 3rd Floor<br>Judge:   The Hon. Todd W. Robinson |

Defendants AnaptysBio, Inc. ("AnaptysBio" or the "Company"), Hamza Suria, Marco Londei and Dominic G. Piscitelli (collectively, "Defendants") object to Plaintiff's Request for Judicial Notice (ECF No. 50-1), filed January 22, 2021 ("Pl. RJN"), which was submitted in opposition to Defendants' motion to dismiss the Consolidated Amended Complaint (the "AC").  Plaintiff has asked the Court to take judicial notice of an unverified complaint filed in California Superior Court, County of San Diego, by a former employee of AnaptysBio who is not a party to this action (the "Hammi Complaint"), asserting employment-related claims that are disputed by AnaptysBio.  Judicial notice is improper for the following reasons:

***Improper hearsay***.  Plaintiff asks the Court to consider the Hammi Complaint for the putative truth of its unsubstantiated (and disputed) allegations.  *See* Pl. RJN at 2.  That request violates the hearsay rule.  *See* Fed. R. Evid. 801(c), 802; *Kip's Nut-Free Kitchen, LLC v. Kips Dehydrated Foods*, *LLC*, 2019 WL 3766654, at *2-3 (S.D. Cal. Aug. 9, 2019) (noting that judicial notice and incorporation by reference are "limited doctrines" and refusing to consider document that was "hearsay" and offered "for the truth of the matter asserted"); *Giron v. Hong Kong & Shanghai Bank Co.*, 2017 WL 5495504, at *6-7 (C.D. Cal. Nov. 15, 2017) (refusing to take judicial notice of contents of pleadings in another action on hearsay grounds).

***Improper reliance on unsubstantiated allegations in other actions***.  It is improper – especially in cases governed by the Private Securities Litigation Reform Act (PSLRA) – to rely on unsubstantiated allegations made in other actions.  *See, e.g., Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 2011 WL 4389689, at *19-20 (C.D. Cal. May 5, 2011) (striking allegations lifted from other complaints); *Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785, 811-12 (N.D. Cal. 2019) ("Plaintiffs may not allege 'facts' simply because they appear in [the] FTC's Complaint"); *see also Attia v. Google LLC*, 2018 WL 2018 WL 2971049, at *14-15 (N.D. Cal. June 13, 2018) ("courts routinely strike allegations that rely exclusively on the analysis and investigation of different attorneys in different actions").

***Relevance***.  The Hammi Complaint is not relevant to this case or Defendants' motion to dismiss.  The present action relates to alleged misstatements between October 2017 and May 2019 regarding two clinical trials for etokimab: the Phase 2a trial for patients with atopic dermatitis and the Phase 2a trial for patients with severe peanut allergies.  The Hammi Complaint does not even purport to address those clinical trials, much less any statement challenged in this action, and relates to matters allegedly occurring well after the Class Period in the present action.  Thus, Plaintiff's request should be denied on relevance grounds.  *See, e.g.*, *Umeda v. Tesla Inc.*, 2020 WL 5653496, at *2-3 (N.D. Cal. Sept. 23, 2020) (refusing to take judicial notice of court records in another case where such documents were not relevant); *Luna v. Pronto Calif. Gen. Agency, LLC*, 2020 WL 4883879, at *4 (C.D. Cal. Aug. 19, 2020) (denying request to take judicial notice of a complaint where it was not relevant to the instant motion).  The Hammi Complaint is irrelevant for another reason: because a motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the allegations in a complaint, a plaintiff may not oppose such a motion, or try to remedy defects in its pleading, by asking the Court to take judicial notice of matters not alleged in the complaint.  *See, e.g., Durgin v. Sharer*, 2017 WL 2214618, at *4 (C.D. Cal. Jan. 10, 2017).

Based on these objections, Defendants respectfully submit that Plaintiff's Request for Judicial Notice should be denied.

Dated: February 22, 2021

WILMER CUTLER PICKERING HALE
AND DORR LLP

By:   /s/ Kevin P. Muck
        Kevin P. Muck

Attorneys for Defendants AnaptysBio, Inc., Hamza Suria, Marco Londei and Dominic G. Piscitelli